HSBC BANK USA, N.A. *v.* JEFFREY
NAVIN ET AL.
(AC 32124)

Lavine, Beach and Robinson, Js.

Argued March 21—officially released June 28, 2011

*Kenneth R. Davis,* for the appellant (named defendant).

*Aileen Reilly Wilson,* with whom, on the brief, was *Marc S. Edrich,* for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant Jeffrey Navin[1] appeals from the judgment of strict foreclosure rendered by

---

[1] The other defendant in this action, Mortgage Electronic Registration Systems, Inc., did not participate in this appeal.

the trial court following the granting of a motion for summary judgment in favor of the plaintiff, HSBC Bank USA, N.A. On appeal, the defendant claims that the court erred by granting summary judgment because (1) the plaintiff was not the owner of the promissory note and mortgage at the time that it commenced the foreclosure action and thus lacked standing, (2) a genuine issue of material fact existed as to whether the plaintiff possessed the assignment of the promissory note and mortgage at the time that it commenced the foreclosure action and (3) the plaintiff was not the holder or owner of the promissory note and mortgage at the time it commenced the action. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On October 5, 2005, the defendant executed a promissory note in the principal amount of $1,313,000 to American Brokers Conduit. As security for the note, the defendant conveyed by way of mortgage deed his interest in real property located at 7 Hart Landing in Guilford to Mortgage Electronic Registration Systems, Inc. The defendant's mortgage was assigned to the plaintiff[2] on October 5, 2005, and the assignment was recorded in the Guilford land records on June 14, 2007. The plaintiff became the holder of the note prior to the commencement of the present foreclosure action.

The defendant failed to make his mortgage payments and thus the balance then due on his promissory note was accelerated. The plaintiff commenced the present foreclosure action by service of the summons and complaint on June 13, 2007.[3] On August 25, 2009, the plaintiff

[2] The written document of assignment specifically referenced the defendant's mortgage by its date, and by the volume number and page number in the land records where it was recorded, and also referenced any notes described within the mortgage.

[3] In his memorandum of law in opposition to the plaintiff's motion for summary judgment, the defendant claimed that the operative complaint was a prior complaint, involving the same parties as in the present case, which

filed a motion for summary judgment seeking judgment as to liability. The defendant filed an objection to the plaintiff's motion for summary judgment, claiming that the plaintiff lacked standing to institute the foreclosure action because it was not the owner of the promissory note and mortgage at the time the action was commenced.[4] The court granted the motion for summary judgment on November 13, 2009, and judgment of strict foreclosure was rendered on February 22, 2010. This appeal followed.

We first address the defendant's claim that the plaintiff lacked standing to commence this foreclosure action because the claim presents a question as to the trial court's subject matter jurisdiction. See *New Hartford* v. *Connecticut Resources Recovery Authority*, 291 Conn. 511, 518, 970 A.2d 583 (2009) ("[t]he issue of standing implicates the trial court's subject matter jurisdiction and therefore presents a threshold issue for our determination"). The defendant specifically argues that the plaintiff did not have standing to bring this foreclosure action because it did not rightfully own the promissory note and mortgage until after it commenced the action. We conclude that the plaintiff did have standing to initiate this suit.

"It is well established that [a] party must have standing to assert a claim in order for the court to have subject matter jurisdiction over the claim. . . . Standing is the legal right to set judicial machinery in motion.

was served on November 6, 2006. The plaintiff acknowledged that it did serve the November 6, 2006 complaint, but argues that it withdrew that complaint on April 17, 2007. A new action was commenced by service on the defendant on June 13, 2007. Thus, the plaintiff maintains, and we agree, that the operative complaint underlying the motion for summary judgment was its June 13, 2007 complaint. See *Brewster Park, LLC* v. *Berger*, 126 Conn. App. 630, 635, 14 A.3d 334 (2011) ("[b]ecause the interpretation of pleadings is an issue of law, our review is plenary").

[4] The defendant grounded his argument on the incorrect premise that the November 6, 2006 complaint was the operative complaint. See footnote 3 of this opinion.

One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . [T]he court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear. . . . Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause. . . . Our review of the question of [a] plaintiff's standing is plenary." (Citations omitted; internal quotation marks omitted.) *Megin* v. *New Milford*, 125 Conn. App. 35, 37, 6 A.3d 1176 (2010).

The defendant's standing argument is controlled by this court's decision in *Chase Home Finance, LLC* v. *Fequiere*, 119 Conn. App. 570, 989 A.2d 606, cert. denied, 295 Conn. 922, 991 A.2d 564 (2010). In *Chase Home Finance, LLC*, this court stated: "General Statutes § 49-17 permits the holder of a negotiable instrument that is secured by a mortgage to foreclose on the mortgage even when the mortgage has not yet been assigned to him. . . . The statute codifies the common-law principle of long standing that the mortgage follows the note, pursuant to which only the rightful owner of the note has the right to enforce the mortgage. . . . Our legislature, by adopting § 49-17, has provide[d] an avenue for the holder of the note to foreclose on the property when the mortgage has not been assigned to him."[5] (Citations omitted; internal quotation marks omitted.) Id., 576–77.

The plaintiff submitted a sworn affidavit in support of its motion for summary judgment in which it alleged that "[t]he [n]ote was endorsed in blank and was delivered to the [p]laintiff prior to the commencement of

---

[5] We note that we make no determination as to the validity of the assignment of the mortgage to the plaintiff. We rely on *Chase Home Finance, LLC*, only to establish that the plaintiff, as the holder of the note, had standing to bring the present foreclosure action.

this foreclosure action." The defendant offered no evidence to counter the plaintiff's sworn statement that it was in possession of the note at the time it commenced the present action. The only piece of evidence the defendant did offer was a sworn affidavit that baldly asserted that the plaintiff was not in possession of the note at the time it served the November 6, 2006 complaint, which, as noted previously, occurred prior to the commencement of the present action. See footnote 3 of this opinion. Accordingly, because the defendant offered no evidence to contest the plaintiff's assertion that it possessed the note at the time that it commenced the present action, we conclude that the plaintiff had standing to commence this foreclosure action.

Having determined that the plaintiff had standing to bring the foreclosure action, we now address the defendant's remaining claims. The defendant essentially argues that the court erred by granting summary judgment because there existed a genuine issue of material fact as to whether the plaintiff was in possession of the promissory note or the mortgage at the time it commenced the foreclosure action. We are not persuaded.

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision

of the trial court. . . . Our review of the trial court's decision to grant [a party's] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Brown & Brown, Inc.* v. *Blumenthal,* 297 Conn. 710, 721, 1 A.3d 21 (2010).

For the reasons stated previously, we conclude that the court did not err by granting the plaintiff's motion for summary judgment. The plaintiff offered a sworn affidavit stating that it was the holder of the promissory note at the time it commenced this action. The only evidence that the defendant offered to counter that assertion was an affidavit baldly asserting, with no indication of personal knowledge, that the plaintiff was not the holder of the note at the time it filed the November 6, 2006 complaint. As previously stated, the November 6, 2006 action was withdrawn and the present action was initiated by service on the defendant on June 13, 2007. See footnote 3 of this opinion. The plaintiff need not prove that it held the mortgage at that time. See *Chase Home Finance, LLC* v. *Fequiere,* supra, 119 Conn. App. 576–77. Therefore, having failed to present any evidence contesting that the plaintiff was the holder of the note at the time it commenced the foreclosure action, the defendant has failed to satisfy his burden of "[providing] an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) *Liberty Mutual Ins. Co.* v. *Lone Star Industries, Inc.,* 290 Conn. 767, 787, 967 A.2d 1 (2009). Accordingly, we conclude that the court did not abuse its discretion by granting the plaintiff's motion for summary judgment.[6]

---

[6] The defendant also makes a very brief argument that the court erred by granting summary judgment because there was a discrepancy between the note and the document of assignment regarding the amount of debt the defendant owed. We conclude that any discrepancy was not fatal in that the assignment referred to the mortgage by date, and by the volume number and page number in the land records where it was recorded.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.