******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PORTFOLIO RECOVERY ASSOCIATES, LLC *v.*
JOHN P. HEALY
(AC 36917)

Gruendel, Beach and Mullins, Js.

*Argued April 13—officially released June 23, 2015*

(Appeal from Superior Court, judicial district of
Hartford, Peck, J.)

*John P. Healy*, self-represented, the appellant
(defendant).

*Jeanine M. Dumont*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, John P. Healy, appeals from the stipulated judgment, rendered by the trial court in favor of the plaintiff, Portfolio Recovery Associates, LLC, in accordance with an agreement of the parties, following the court's granting of the plaintiff's motion for summary judgment. On appeal, the defendant claims that the plaintiff did not have standing in this case and that the court erred when it instructed the parties to negotiate a settlement. We affirm the judgment of the trial court.

This case involves a debt collection action. On August 22, 2012, the plaintiff filed a complaint alleging that the defendant had defaulted on a credit card debt of $5963.13. The complaint further alleged that the original creditor, U.S. Bank National Association, had conveyed title of the debt to the plaintiff in exchange for valuable consideration. The plaintiff alleged that despite its demands, the defendant failed to repay the debt.

The plaintiff filed a motion for summary judgment and, on May 27, 2014, a hearing was held on the motion, and the motion was granted. At the hearing, the court noted that the defendant, at a prior hearing, had admitted that he owed the debt and the court suggested that the parties attempt to reach an agreement. After leaving the courtroom, the parties returned to notify the court that they had agreed that a judgment be entered for the plaintiff in the amount of $5854.79, to be paid by the defendant at a rate of $30 per month. The defendant also was to pay the plaintiff an additional $350 in court costs. The parties also stipulated that no postjudgment interest would accrue on the debt. The court then entered a stipulated judgment consistent with the terms agreed to by the parties. From this judgment, the defendant appeals.

The defendant first claims that the plaintiff lacked standing to bring this action. Specifically, the defendant argues that, although he did incur the credit card debt, the plaintiff had not established that it had been assigned the debt. As a claim of standing implicates a court's subject matter jurisdiction, it "may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Internal quotation marks omitted.) *Richardson* v. *Commissioner of Correction*, 298 Conn. 690, 696, 6 A.3d 52 (2010). Because this requirement cannot be waived; see *Sadloski* v. *Manchester*, 228 Conn. 79, 84, 634 A.2d 888 (1993), on appeal after remand, 235 Conn. 637, 668 A.2d 1314 (1995); we now consider whether the plaintiff had standing to bring this action.

"Standing is the legal right to set judicial machinery in motion." (Internal quotation marks omitted.) *Presidential Capital Corp. v. Reale*, 231 Conn. 500, 504, 652 A.2d 489 (1994). Although "[i]t is the burden of the party

who seeks the exercise of jurisdiction in his favor . . . clearly to allege facts demonstrating that he is the proper party to invoke judicial resolution of the dispute"; (internal quotation marks omitted) *McWeeny* v. *Hartford*, 287 Conn. 56, 63–64, 946 A.2d 862 (2008); "[s]tanding requires no more than a colorable claim of injury . . . ." (Internal quotation marks omitted.) *State* v. *DeCaro*, 252 Conn. 229, 253, 745 A.2d 800 (2000). A party "ordinarily establishes . . . standing by *allegations* of injury. Similarly, standing exists to attempt to vindicate arguably protected interests." (Emphasis in original; internal quotation marks omitted.) Id., 253–54. "Standing is established by showing that the party claiming it is authorized by statute to bring suit . . . or is classically aggrieved." (Internal quotation marks omitted.) *Edgewood Village, Inc.* v. *Housing Authority*, 265 Conn. 280, 288, 828 A.2d 52 (2003), cert. denied, 540 U.S. 1180, 124 S. Ct. 1416, 158 L. Ed. 2d 82 (2004). "Aggrievement is established *if there is a possibility*, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Emphasis added; internal quotation marks omitted.) *Bongiorno Supermarket, Inc.* v. *Zoning Board of Appeals*, 266 Conn. 531, 539, 833 A.2d 883 (2003).

We now review the record to determine whether the plaintiff had standing to bring this action. In its complaint, the plaintiff alleges that the defendant became indebted to U.S. Bank National Association as a result the defendant's use of a credit account. The complaint then alleges that the plaintiff purchased title to the debt for consideration and, despite demands for repayment, the defendant has refused to pay. In support of its claim, the plaintiff submitted an affidavit from Yvette M. Stephen, the plaintiff's custodian of records, who stated that she had reviewed the records and could attest to the fact that the defendant incurred the debt and that the plaintiff had acquired rights to the debt for valuable consideration. The plaintiff submitted a document titled "Bill of Sale and Assignment of Assets," which purported to assign the right, title, and interest in all assets "attached hereto as Exhibit A" from U.S. Bank National Association to the plaintiff. Exhibit A is a credit card statement with the defendant's name, account number, address, and an amount owed of $5213.60 as of March 31, 2011. Another document, purported to be from the asset schedule, also was submitted to the court that included the defendant's name, phone number, credit card account number, and current debt balance. As determinations regarding the court's subject matter jurisdiction generally do not extend to the merits of the case; *Countrywide Home Loans Servicing, LP* v. *Creed*, 145 Conn. App. 38, 45, 75 A.3d 38, cert. denied, 310 Conn. 936, 79 A.3d 889 (2013); we conclude that the plaintiff's complaint, in combination with supporting documentation, was sufficient to support a colorable claim of injury.

Moreover, the defendant provided no evidence to rebut the presumption that the plaintiff was the rightful owner of the debt. See *Conboy* v. *State*, 292 Conn. 642, 652, 974 A.2d 669 (2009) ("[i]f . . . the defendant submits either no proof to rebut the plaintiff's jurisdictional allegations . . . or only evidence that fails to call those allegations into question . . . the plaintiff need not supply counteraffidavits or other evidence to support the complaint, but may rest on the jurisdictional allegations therein" [citations omitted]); *HSBC Bank USA, N.A.* v. *Navin*, 129 Conn. App. 707, 712, 22 A.3d 647 (because defendant offered no evidence to contest plaintiff's assertion that it possessed note when it commenced foreclosure action, plaintiff was deemed to have standing), cert. denied, 302 Conn. 948, 31 A.3d 384 (2011). Accordingly, we conclude that the plaintiff sufficiently has established standing in this case.

The defendant also claims that the court improperly entered the stipulated judgment. "A stipulated judgment is not a judicial determination of any litigated right. . . . It may be defined as a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. . . . [It is] the result of a contract and its embodiment in a form which places it and the matters covered by it beyond further controversy. . . . The essence of the judgment is that the parties to the litigation have voluntarily entered into an agreement setting their dispute or disputes at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement." (Citations omitted; internal quotation marks omitted.) *Gillis* v. *Gillis*, 214 Conn. 336, 339–40, 572 A.2d 323 (1990). "A stipulated judgment . . . is not voidable on the ground that it was accepted with reluctance, so long as its procurement was not the result of fraud, duress, or mistake." (Internal quotation marks omitted.) *Jenks* v. *Jenks*, 232 Conn. 750, 753, 657 A.2d 1107 (1995).

In the present case, the defendant provides no support for his position that the stipulated judgment was obtained through improper means. A transcript from the hearing indicates that the defendant willingly entered into an agreement with the plaintiff to repay the debt owed and, in return, the plaintiff agreed to forgo any postjudgment interest on the debt. At the conclusion of the hearing, the court asked the defendant, "do you have any questions?" and the defendant responded, "no, I have none." Although the defendant may have accepted these terms reluctantly, he has not demonstrated that he entered into the agreement under fraud, duress, or mistake.

The judgment is affirmed.

---