******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

AS PELEUS, LLC *v.* SUCCESS, INC., ET AL.

(AC 37717)

Gruendel, Alvord and Prescott, Js.

*Argued December 1, 2015—officially released February 2, 2016*

(Appeal from Superior Court, judicial district of Fairfield, Hon. George Thim, judge trial referee.)

*Jonathan J. Klein*, with whom, on the brief, were *John R. Bryk* and *Barry C. Knott*, for the appellant (named defendant).

*Andrew P. Barsom*, with whom, on the brief, was *Alena C. Gfeller*, for the appellee (plaintiff).

*Opinion*

GRUENDEL, J. The defendant Success, Inc.,[1] appeals from the judgment of strict foreclosure rendered by the trial court in favor of the plaintiff, AS Peleus, LLC. The defendant claims that the court (1) erroneously found that the plaintiff was the owner and holder of the promissory note and mortgage deeds in question and (2) improperly accepted the testimony of a representative of the plaintiff's mortgage servicing company. We affirm the judgment of the trial court.

This appeal concerns real property owned by the defendant and known as 520 Success Avenue (property).[2] That property is partially situated in Stratford and partially situated in Bridgeport. On June 26, 2007, the defendant executed a promissory note (note) in favor of Greenpoint Mortgage Funding, Inc. (Greenpoint), in the principal amount of $525,000. The note was secured by two identical mortgage deeds on the property that encumbered the Stratford and Bridgeport portions, respectively. The defendant executed and delivered to Greenpoint those mortgage deeds on June 26, 2007.

As the defendant concedes in its principal appellate brief, it "has been in default of its payment obligations under the terms of the note since April 1, 2009." When the defendant failed to make its mortgage payments, the plaintiff provided the defendant with written notice that it was in default of those obligations. The notice further stated that the plaintiff was "exercising its right under the [l]oan [d]ocuments to accelerate payment of the note" and therefore demanded "immediate payment and performance of all obligations under [those] documents . . . ." The defendant failed to comply with that demand, and the plaintiff commenced the present foreclosure action in May of 2013. Its complaint alleged in relevant part that the plaintiff "has been the owner and holder of the underlying note and [mortgages] since December 14, 2012."

In answering the plaintiff's complaint, the defendant admitted that it had executed the note and mortgages. As to the allegations that the plaintiff was the owner and holder thereof, the defendant left the plaintiff to its burden of proof. A one day court trial followed, at which the plaintiff submitted documentary and testimonial evidence. The defendant did not submit any evidence at trial. After permitting the parties to file posttrial briefs, the court ruled in favor of the plaintiff. In its memorandum of decision, the court found that that plaintiff had "proven all the elements of its claim for foreclosure of the two mortgages." The court specifically found that the plaintiff "has proven through documents and testimony that it is the owner and holder of the note and mortgages." The court found that the debt due to the plaintiff at the time of trial was $828,174.06

and that the fair market value of the property was $500,000. Accordingly, the court rendered a judgment of strict foreclosure, and this appeal followed.

I

The defendant claims that the court erroneously found that the plaintiff was the owner and holder of the note and mortgages in question. We disagree.

A trial court's determination that a party is the owner and holder of a promissory note is reviewed pursuant to the clearly erroneous standard of review. See *CitiMortgage, Inc.* v. *Gaudiano*, 142 Conn. App. 440, 447, 68 A.3d 101, cert. denied, 310 Conn. 902, 75 A.3d 29 (2013); *Connecticut National Bank* v. *Marland*, 45 Conn. App. 352, 359, 696 A.2d 374, cert. denied, 243 Conn. 907, 701 A.2d 328 (1997). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . Because it is the trial court's function to weigh the evidence and determine credibility, we give great deference to its findings. . . . In reviewing factual findings, [w]e do not examine the record to determine whether the [court] could have reached a conclusion other than the one reached. . . . Instead, we make every reasonable presumption . . . in favor of the trial court's ruling." (Internal quotation marks omitted.) *Murtha* v. *Hartford*, 303 Conn. 1, 12–13, 35 A.3d 177 (2011).

As this court recently noted, "[t]he holder of a note seeking to enforce the note through foreclosure must produce the note. The note must be endorsed so as to demonstrate that the foreclosing party is a holder, either by a specific endorsement to that party or by means of a blank endorsement to bearer. . . . If the foreclosing party produces a note demonstrating that it is a valid holder of the note, the court is to presume that the foreclosing party is the rightful owner of the debt. . . . The defending party may rebut the presumption that the holder is the rightful owner of the debt, but bears the burden to prove that the holder of the note is not the owner of the debt. . . . The defending party does not carry its burden by merely identifying some documentary lacuna in the chain of title that *might* give rise to the possibility that a party other than the foreclosing party owns the debt. . . . To rebut the presumption that the holder of a note endorsed specifically or to bearer is the rightful owner of the debt, the defending party must prove that another party is the owner of the note and debt. . . . Without such proof, the foreclosing party may rest its standing to foreclose the mortgage on its status as the holder of the note." (Citations omitted; emphasis in original.) *JPMorgan Chase Bank, National Assn.* v. *Simoulidis*, 161 Conn. App. 133, 145–46, A.3d     (2015); see also *RMS Residential Properties,*

*LLC* v. *Miller*, 303 Conn. 224, 232, 32 A.3d 307 (2011) (production of note establishes holder's prima facie case against maker), overruled in part by *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 325 n.18, 71 A.3d 492 (2013).

In the present case, the plaintiff introduced the original note into evidence at trial, as well as certified copies of the mortgage deeds filed on the Stratford and Bridgeport land records. The note contains a series of allonges,[3] under which ownership of the note was transferred by special endorsement to various entities. In the first alloinge appended thereto, Greenpoint assigned the note to "Citigroup Global Markets Realty Corp." In the second such alloinge, the note was assigned to "Waterfall Victoria Master Fund, Ltd." In the third alloinge, the note was assigned to "Waterfall Victoria Depositor, LLC." In the fourth alloinge, the note was assigned to "Waterfall Victoria Mortgage Trust 2011-SBC1." In the fifth alloinge, the note was assigned to "Citibank, N.A., as Trustee for CMLTI Asset Trust." In the sixth and final alloinge, the note was assigned to the plaintiff.

The record thus demonstrates that the plaintiff produced the original note, which bore a special endorsement to the plaintiff. In so doing, the plaintiff established its prima facie case against the defendant. *RMS Residential Properties, LLC* v. *Miller*, supra, 303 Conn. 232. The plaintiff also submitted into evidence the April 18, 2013 default notice that it provided to the defendant. Sent one month prior to the commencement of this action, that notice apprised the defendant that the mortgages on the property were "owned and held" by the plaintiff. The defendant introduced no evidence in response. See *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 133, 74 A.3d 1225 (2013) ("at no time . . . did the defendant proffer any evidence to support his assertion that the plaintiff . . . did not possess the note when it commenced the action"); *Wells Fargo Bank, N.A.* v. *Tarzia*, 150 Conn. App. 660, 666, 92 A.3d 983 ("the defendant never attempted to rebut the presumption that the plaintiff owned the debt and had the right to foreclose the mortgage"), cert. denied, 314 Conn. 905, 99 A.3d 635 (2014); *HSBC Bank, N.A.* v. *Navin*, 129 Conn. App. 707, 712, 22 A.3d 647 (upholding finding that plaintiff was owner of note "because the defendant offered no evidence to contest the plaintiff's assertion that it possessed the note at the time that it commenced the present action"), cert. denied, 302 Conn. 948, 31 A.3d 384 (2011); *Chase Home Finance, LLC* v. *Fequiere*, 119 Conn. App. 570, 578, 989 A.2d 606 ("[t]he defendant has failed to present even a scintilla of evidence demonstrating that the plaintiff was not in possession of the promissory note or contradicting its status as a bona fide holder of the note"), cert. denied, 295 Conn. 922, 991 A.2d 564 (2010).

Furthermore, the plaintiff offered the testimony of Russell Schaub at trial. Schaub was the chief operating officer of Gregory Funding, LLC, the plaintiff's mortgage servicing company. Schaub testified that Gregory Funding, LLC, "owns a percentage interest" in the plaintiff company. Without any objection by the defendant, Schaub testified that he was authorized to testify on behalf of the plaintiff. Schaub indicated that he was personally familiar with the books and records of the plaintiff, which were maintained in the ordinary course of business by Gregory Funding, LLC. Schaub also testified that the plaintiff purchased the note from "an affiliate of Citigroup" in December of 2012, approximately six months prior to the commencement of this action. See *Deutsche Bank National Trust Co.* v. *Bliss*, 159 Conn. App. 483, 490–95, 124 A.3d 890 (testimony by employee of mortgage servicing company that plaintiff was holder of note prior to commencement of action sufficient to establish standing to maintain foreclosure action), cert. denied, 320 Conn. 903, A.3d (2015). On that basis, Schaub testified that the plaintiff was the owner and holder of the note and mortgage deeds at issue in this case. When asked whether anyone "[a]t any time has . . . attempted to claim that [the plaintiff] is not the owner of this loan," Schaub answered in the negative.

It is well established that "the evaluation of a witness' testimony and credibility are wholly within the province of the trier of fact. . . . Credibility must be assessed . . . not by reading the cold printed record, but by observing firsthand the witness' conduct, demeanor and attitude. . . . An appellate court must defer to the trier of fact's assessment of credibility because [i]t is the [fact finder] . . . [who has] an opportunity to observe the demeanor of the witnesses and the parties; thus [the fact finder] is best able to judge the credibility of the witnesses and to draw necessary inferences therefrom." (Internal quotation marks omitted.) *CHFA–Small Properties, Inc.* v. *Elazazy*, 157 Conn. App. 1, 21, 116 A.3d 814 (2015); see also *Montville* v. *Antonino*, 77 Conn. App. 862, 871, 825 A.2d 230 (2003) ("[c]ourts of appeal do not pass on the credibility of witnesses"). "[I]n a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony." (Internal quotation marks omitted.) *United Technologies Corp.* v. *East Windsor*, 262 Conn. 11, 26, 807 A.2d 955 (2002). As trier of fact, the court in the present case was free to credit Schaub's testimony, as it did in its memorandum of decision. We refuse to disturb that credibility determination.

The record before us contains documentary and testimonial evidence that substantiates the court's finding that the plaintiff was the owner and holder of the note and mortgage deeds in question. That finding, therefore,

is not clearly erroneous.

## II

The defendant also contends that the court improperly accepted the testimony of Schaub because the plaintiff failed to prove that Schaub was an agent of the plaintiff. We conclude that the defendant did not properly preserve that evidentiary claim, which precludes appellate review.

Schaub testified at trial that he was the chief operating officer of the plaintiff's mortgage servicing company and that he was personally familiar with the books and records that it maintained on the plaintiff's behalf. Such testimony from a mortgage servicer is commonplace in foreclosure proceedings in this state. See, e.g., *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 340–41, 71 A.3d 492 (2013); *Deutsche Bank National Trust Co.* v. *Bliss*, supra, 159 Conn. App. 490–92; *American Home Mortgage Servicing, Inc.* v. *Reilly*, 157 Conn. App. 127, 137, 117 A.3d 500, cert. denied, 317 Conn. 915, 117 A.3d 854 (2015). When Schaub stated that he was authorized to testify on behalf of the plaintiff, the defendant did not object, nor did it pursue any line of inquiry on that issue during its cross-examination of Schaub. Significantly, the defendant did not proffer any evidence at trial, and thus did not refute Schaub's testimony in any respect.

In short, the record reflects that the defendant did not raise any claim at trial regarding Schaub's agency relationship with the plaintiff. "It is well settled that [o]ur case law and rules of practice generally limit this court's review to issues that are distinctly raised at trial." (Internal quotation marks omitted.) *State* v. *Hampton*, 293 Conn. 435, 442, 978 A.2d 1089 (2009). As our Supreme Court has explained, "[t]he reason for the rule is obvious: to permit a party to raise a claim on appeal that has not been raised at trial—after it is too late for the trial court *or the opposing party* to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party." (Emphasis added; internal quotation marks omitted.) *Travelers Casualty & Surety Co. of America* v. *Netherlands Ins. Co.*, 312 Conn. 714, 761–62, 95 A.3d 1031 (2014). With particular respect to matters of an evidentiary nature, in order to preserve them for appellate review, "trial counsel must object properly . . . . Assigning error to a court's evidentiary rulings on the basis of objections never raised at trial unfairly subjects . . . the opposing party to trial by ambush." (Internal quotation marks omitted.) *State* v. *Johnson*, 289 Conn. 437, 460–61, 958 A.2d 713 (2008); see also *State* v. *Lizotte*, 200 Conn. 734, 742A, 517 A.2d 610 (1986) ("we will not consider evidentiary rulings where counsel did not properly preserve a claim of error by objection"). When the plaintiff offered Schaub's testimony as a representative of its mortgage servicing company, the

defendant sat silent. After the close of evidence, the defendant raised its agency argument for the first time in a posttrial brief, effectively ambushing the plaintiff.

At oral argument, the defendant represented to this court that it "made a strategic decision to address the issue in its posttrial brief rather than during the presentation of the evidence." The defendant has provided no authority, nor are we aware of any, indicating that such strategy satisfies the preservation requirement with respect to evidentiary claims. As our Supreme Court has explained, "to permit the appellant first to raise posttrial an issue that arose during the course of the trial would circumvent the policy underlying the requirement of timely preservation of issues." *Willow Springs Condominium Assn.*, *Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 49, 717 A.2d 77 (1998). It therefore is not surprising that the trial court did not address the defendant's agency claim in any manner in its memorandum of decision. To afford review to a claim that the defendant did not raise during trial as a matter of strategy would contravene the purpose of the preservation requirement. We decline to do so here.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

[1] Also named as defendants in the plaintiff's complaint were City Streets, Inc., Dade Realty Company I, LLC, Jack Dempsey's Inc., Regensburger Enterprise Inc., Cummings Enterprises Inc., Payphones Plus, LLC, Oronoque 15, LLC, Bridgeport Redevelopment, Inc., Albina Pires, Gus Curcio, Jr., Robin Cummings, Joseph Regensburger, Cell Phone Club, Inc., Millionair Club, Inc., Out Law Boxing Kats, Inc., Julia Kish, Administrator of the Estate of Faye Kish, Richard Urban, Dahill Donofrio, Dominique Worth, and the Department of Revenue Services. Those defendants all were defaulted prior to trial. The action was withdrawn as to the defendant Commissioner of Environmental Protection. Only Success, Inc., has appealed from the judgment of strict foreclosure. We therefore refer to Success, Inc., as the defendant in this opinion.

[2] The plaintiff's complaint averred that the defendant owned 95 percent of the property, and that City Streets, Inc., owned the remaining 5 percent. In its answer, the defendant admitted the truth of that allegation. Following the commencement of this foreclosure action, City Streets, Inc., was defaulted for failure to appear.

[3] An allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." (Internal quotation marks omitted.) *Chase Home Finance*, *LLC* v. *Fequiere*, 119 Conn. App. 570, 577 n.7, 989 A.2d 606, cert. denied, 295 Conn. 922, 991 A.2d 564 (2010). Pursuant to General Statutes § 42a-3-204 (a), "[f]or the purpose of determining whether a signature is made on [a negotiable] instrument, [an allonge] is a part of the instrument."