# WILFRED J. MEGIN *v.* TOWN OF NEW MILFORD
## (AC 31238)

Gruendel, Harper and Flynn, Js.

Argued September 13—officially released November 9, 2010

*Max F. Brunswick*, with whom, on the brief, was *Wilfred J. Megin*, pro se, for the appellant (plaintiff).

*John D. Tower*, for the appellee (defendant).

*Opinion*

GRUENDEL, J. The plaintiff, Wilfred J. Megin, appeals from the judgment of the trial court dismissing his municipal tax appeal against the defendant, the town of New Milford. He contends that the court improperly dismissed the appeal for lack of subject matter jurisdiction. We affirm the judgment of the trial court.

This appeal concerns a parcel of land located at 64 Old Town Park Road in New Milford (property). On October 1, 2004, the town assessor valued the property at $60,200, which resulted in an assessment of $42,140. The plaintiff challenged that determination before the New Milford board of assessment appeals, which declined to reduce the assessment, and an appeal to the Superior Court followed.

At trial, the defendant moved to dismiss the action for lack of subject matter jurisdiction. Specifically, the defendant submitted that because the property was owned by "Wilfred J. Megin, Trustee," the plaintiff lacked standing to maintain the tax assessment appeal. The court agreed, concluding that "[t]he present appeal was brought in the name of someone who does not own the property. The property is assessed in the name of the owner, and the appeal should have been brought by the owner. The failure to have the appeal brought by Wilfred J. Megin, Trustee, deprives the court of subject

matter jurisdiction over this appeal because [the plaintiff], as an individual, lacks standing." The court therefore dismissed the matter and this appeal followed.

It is well established that "[a] party must have standing to assert a claim in order for the court to have subject matter jurisdiction over the claim." (Internal quotation marks omitted.) *Lewis* v. *Slack*, 110 Conn. App. 641, 643, 955 A.2d 620, cert. denied, 289 Conn. 953, 961 A.2d 417 (2008). "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) *Sadloski* v. *Manchester*, 228 Conn. 79, 84, 634 A.2d 888 (1993), on appeal after remand, 235 Conn. 637, 668 A.2d 1314 (1995). "[T]he court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear. . . . Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause. . . . Our review of the question of [a] plaintiff's standing is plenary." (Citations omitted; internal quotation marks omitted.) *Lewis* v. *Slack*, supra, 643–44.

Connecticut law provides an avenue of appeal from the decision of a municipal tax agency. As we recently stated, "[General Statutes §§] 12-117a and 12-119 clearly create causes of action for taxpayers who have been aggrieved by excessive and wrongful valuation of *their* property. Section 12-117a provides taxpayers with an opportunity to appeal to the Superior Court upon an allegation that *their* property tax assessment is excessive." (Emphasis added.) *Massey* v. *Branford*, 119 Conn. App. 453, 460–61, 988 A.2d 370, cert. denied, 295 Conn. 921, 991 A.2d 565 (2010). At the same time, "[t]he general rule is that one party has no standing to raise

another's rights." *Sadloski* v. *Manchester*, 235 Conn. 637, 643, 668 A.2d 1314 (1995). In the present case, the plaintiff does not dispute the court's finding that he is not the record owner of the property. He further advances no claim that he possessed standing to pursue the appeal in his individual capacity.

Instead, the plaintiff argues that the defendant should be collaterally estopped from raising the issue of his standing in light of a tax foreclosure proceeding between the parties that allegedly occurred several years ago concerning the property. Because the defendant allegedly instituted that action against him in his individual capacity, the plaintiff claims that its conduct therein should be afforded preclusive effect.

The doctrine of collateral estoppel expresses "the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest. . . . Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was *actually litigated* and *necessarily determined* in a prior action between the same parties upon a different claim. . . . For an issue to be subject to collateral estoppel, it must have been *fully and fairly litigated in the first action.* It also must have been *actually decided* and the decision must have been *necessary* to the judgment." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Carol Management Corp.* v. *Board of Tax Review*, 228 Conn. 23, 32, 633 A.2d 1368 (1993). In addressing the plaintiff's collateral estoppel contention, the court found that "there is no credible evidence concerning the prior [tax] foreclosure case. . . . It seems clear that the prior action never went to judgment. If it had, there would be a record of the judgment, which the plaintiff could have offered as evidence." (Citation omitted.) Likewise, the record before us contains no evidence whatsoever that the tax foreclosure action

actually was decided. The court thus properly concluded that the doctrine of collateral estoppel has little bearing on the present dispute.

The plaintiff also asserts that his appeal "should be governed" by *Isaac* v. *Mount Sinai Hospital*, 210 Conn. 721, 557 A.2d 116 (1989). *Isaac* involved a wrongful death action that was "dismissed for lack of subject matter jurisdiction because, at the time such original action was commenced, the individual bringing suit had not been appointed administratrix of the estate by the probate court." Id., 723. A second action thereafter was commenced pursuant to the accidental failure of suit statute, General Statutes § 52-592.[1] The trial court dismissed that second action for lack of subject matter jurisdiction and this court affirmed that determination, concluding that "a wrongful death action under [General Statutes] § 52-555 may be maintained only by an executor or administrator of an estate, and at the time she brought suit the plaintiff was neither." Id., 724.

In reversing that judgment, our Supreme Court framed the issue before it as "whether the accidental failure of suit statute authorized the bringing of the second [wrongful death] action." Id., 726. The court answered that query in the affirmative. Id., 733. In so doing, it rejected the defendants' contention that the accidental failure of suit statute was "inapplicable because the plaintiff in the first suit is not the same

---

[1] General Statutes § 52-592 provides in relevant part: "(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because . . . the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment. . . .

"(c) If an appeal is had from any such judgment to the Supreme Court or Appellate Court, the time the case is pending upon appeal shall be excluded in computing the time as above limited."

plaintiff as in the subsequent suit" and noted that "[t]he fact that Deborah Isaac in the first case was not, in fact, the administratrix of the estate of Redgnard Isaac does not destroy the identity of interest but merely paves the way for the plaintiff's invocation of § 52-592. [A] change of parties does not preclude an application of [a saving] statute where the change is merely nominal or the interest represented in the renewed action is identical with that in the original action. . . . In light of the remedial purpose of § 52-592, we conclude that total identity of plaintiffs is not a prerequisite to application of the statute. We look, instead, to the essence of the plaintiff's status and the interest she represented. Deborah Isaac was the purported administratrix of Redgnard Isaac's estate in the first instance and the actual administratrix in the second case. The cause of action and the claimed factual background, as well as all defendants, were identical in both instances. Accordingly, application of § 52-592 to this case is not precluded." (Citation omitted; internal quotation marks omitted.) Id., 732–33.

The plaintiff's exhortations aside, *Isaac* is inapposite to the present case. This appeal does not involve an action instituted pursuant to the accidental failure of suit statute.[2] It involves a municipal tax appeal commenced by an individual who concededly is not the record owner of the assessed property. As our Supreme Court has observed, "[p]laintiffs are not fungible, even if they are represented by the same attorney and have similar interests." *Sadloski* v. *Manchester*, supra, 235 Conn. 643. Because the plaintiff failed to demonstrate the requisite aggrievement under § 12-117a, the court properly dismissed the appeal for lack of subject matter jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] We express no opinion as to the viability of an action under § 52-592.