******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

FAIRFIELD MERRITTVIEW LIMITED PARTNERSHIP
*v.* CITY OF NORWALK ET AL.
(AC 34950)

Alvord, Sheldon and Harper, Js.

*Argued February 4—officially released April 15, 2014*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Hon. Arnold W. Aronson, judge
trial referee.)

*Carolyn M. Colangelo*, assistant corporation counsel,
with whom were *Mario Coppola*, corporation counsel,
and, on the brief, *Robert F. Maslan, Jr.*, former corporation
counsel, for the appellants (defendants).

*Frank W. Murphy*, with whom was *Kara A. T. Murphy*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. In this municipal tax appeal, the defendant city of Norwalk[1] appeals from the judgment of the trial court sustaining the appeal of the plaintiffs, Fairfield Merrittview Limited Partnership (limited partnership) and Fairfield Merrittview SPE, LLC (limited liability company),[2] from the assessor's valuation of property located at 383 Main Avenue in Norwalk. On appeal, the defendant claims that (1) the court improperly concluded that the plaintiffs had standing to appeal the tax valuation of the subject property to the Superior Court, and (2) the court's calculation of the fair market value of the subject property was clearly erroneous. We agree with the defendant's first claim and, accordingly, reverse the judgment of the trial court.[3]

The subject property consists of an eight-story, multitenant office building constructed in 1985 on 4.3 acres of land. Fairfield Merrittview Limited Partnership acquired the property from PTM Realty, Inc., by deed recorded in the Norwalk land records on October 24, 1994. Fairfield Merrittview Limited Partnership subsequently conveyed the property to Fairfield Merrittview SPE, LLC, by deed recorded on June 12, 2007. The defendant's assessor thereafter determined the fair market value of the property to be $49,036,800 as of October 1, 2008 (valuation date), and assessed the property at 70 percent of that value. Fairfield Merrittview Limited Partnership, claiming that the assessment was grossly excessive, appealed to the defendant's board of assessment appeals (board) seeking a reduction in the valuation. Fairfield Merrittview SPE, LLC, was not a party to that appeal. The board made no changes in the assessment.

Pursuant to General Statutes § 12-117a,[4] Fairfield Merrittview Limited Partnership appealed from the board's decision to the Superior Court. Within thirty days of the return date, it moved to amend its appeal to add Fairfield Merrittview SPE, LLC, as a party plaintiff. The motion provided: "Fairfield Merrittview SPE, LLC, has an interest in the real estate and the subject matter of this appeal and should be joined as an additional party plaintiff." The amended appeal and application annexed to the motion alleged that Fairfield Merrittview Limited Partnership and Fairfield Merrittview SPE, LLC, "on October 1, 2008, were the owner[s]" of the subject property. After the court, *Hon. A. William Mottolese*, judge trial referee, granted the motion, the defendant filed its answer, leaving the plaintiffs to their proof with respect to the ownership of the property.

A trial to the court, *Hon. Arnold W. Aronson*, judge trial referee, was held on December 14 and 15, 2011. At that time, the plaintiffs submitted as exhibits the 1994 and 2007 deeds of conveyance. Additionally, the plaintiffs submitted an appraisal prepared by Eric D.

Michel of Cushman & Wakefield of Connecticut, Inc., that indicated that the fair market value of the property was $30,500,000 as of October 1, 2008. Michel testified as to the methodology he employed to arrive at that valuation. The defendant's appraiser, Michael Fazio of Kerin & Fazio, LLC, testified that the fair market value of the property was $49,400,000 on the valuation date. Fazio likewise provided the basis for his valuation.

After the evidentiary portion of the trial had concluded, the court stated that it would allow the parties to submit simultaneous posttrial briefs within thirty days of their receipt of the transcript of the proceedings. The plaintiffs' counsel inquired whether reply briefs could be filed. The court responded: "If either counsel feels that it's important to file a reply brief, talk to each other. If you both agree, I will consent to the agreement for a reply brief. If not, file a motion. Then if there is an objection, I'll hear the arguments and make a decision. But, hopefully, the briefs will contain all of the information [so] that it will not be necessary for a reply brief. But I won't preclude you from doing that if you feel it necessary."

The parties filed their posttrial briefs on April 25, 2012. In its posttrial brief, the defendant claimed that the court lacked subject matter jurisdiction over the tax appeal because the plaintiffs did not have standing to appeal from the assessor's valuation. The defendant argued that Fairfield Merrittview Limited Partnership, the limited partnership, did not own the property on October 1, 2008, and, therefore, was not a party in interest with the right to challenge the assessment before the board. Fairfield Merrittview SPE, LLC, which was a limited liability company that owned the property on October 1, 2008, had not been a party to the appeal before the board. The defendant claimed that this defect was not cured by subsequently adding the limited liability company as a party plaintiff after the appeal from the board's decision was commenced in the Superior Court.

The record reflects that neither party requested the opportunity to file a reply brief. On August 6, 2012, the court issued its memorandum of decision sustaining the plaintiffs' appeal. The court first addressed the issue of standing: "As of October 1, 2008, at least one of the two plaintiffs named in the amended [appeal] was the record owner of the subject property, which is sufficient to provide standing to maintain this appeal." The court then analyzed the evidence and determined that the fair market value of the property was $34,059,753 as of October 1, 2008. This appeal followed.

"It is well established that [a] party must have standing to assert a claim in order for the court to have subject matter jurisdiction over the claim. . . . Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or represen-

tative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . [T]he court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear. . . . Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause. . . . Our review of the question of [a] plaintiff's standing is plenary. . . .

"Connecticut law provides an avenue of appeal from the decision of a municipal tax agency. . . . [General Statutes §§] 12-117a and 12-119 clearly create causes of action for taxpayers who have been aggrieved by excessive and wrongful valuation of *their* property. Section 12-117a provides taxpayers with an opportunity to appeal to the Superior Court upon an allegation that *their* property tax assessment is excessive. . . . At the same time, [t]he general rule is that one party has no standing to raise another's rights." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Megin* v. *New Milford*, 125 Conn. App. 35, 37–38, 6 A.3d 1176 (2010).

"[I]t is the burden of the party who seeks the exercise of jurisdiction in his favor . . . clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute. . . . [A]s a general rule, a plaintiff lacks standing unless the harm alleged is direct rather than derivative or indirect." (Citations omitted; internal quotation marks omitted.) *O'Reilly* v. *Valletta*, 139 Conn. App. 208, 213, 55 A.3d 583 (2012), cert. denied, 308 Conn. 914, 61 A.3d 1101 (2013). "[I]f the injuries claimed by the plaintiff are remote, indirect or derivative with respect to the defendant's conduct, the plaintiff is not the proper party to assert them and lacks standing to do so. [When], for example, the harms asserted to have been suffered directly by a plaintiff are in reality derivative of injuries to a third party, the injuries are not direct but are indirect, and the plaintiff has no standing to assert them." (Internal quotation marks omitted.) Id., 214.

Moreover, "[a] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Internal quotation marks omitted.) Id., 213.

In the present case, the deeds of conveyance submitted by the plaintiffs during the trial clearly established that the limited liability company, Fairfield Merrittview SPE, LLC, acquired the subject property by deed recorded in the Norwalk land records on June 12, 2007. On the date of the valuation, October 1, 2008, the limited liability company was the sole owner of the property. Nevertheless, Fairfield Merrittview Limited Partner-

ship, the limited partnership, was the entity that challenged the assessor's valuation before the board even though it had conveyed its interest in the property more than a year prior to the valuation date. The actual owner of the property, the limited liability company, did not participate in that appeal.

When the board's decision was appealed on July 1, 2009, to the Superior Court pursuant to § 12-117a, the sole plaintiff was the limited partnership. In the initial appeal and application, the limited partnership alleged that Fairfield Merrittview Limited Partnership "was the owner" of the property. That allegation, as evidenced by the plaintiffs' exhibits at trial, was incorrect. When the appeal was amended, the plaintiffs then alleged that Fairfield Merrittview Limited Partnership and Fairfield Merrittview SPE, LLC, "were the owner[s]" of the property. That allegation, too, was incorrect because no evidence was presented that indicated Fairfield Merrittview Limited Partnership retained any interest in the property after June 12, 2007.

The plaintiffs argue that the court properly determined that standing had been established because: (1) "[t]he business structure was changed, but, Fairfield Merrittview SPE, LLC, is identical to Fairfield Merrittview [Limited Partnership], except for the name change as a result of restructuring"; (2) the amendment and addition of Fairfield Merrittview SPE, LLC, was filed within thirty days of the return date and was an amendment as of right pursuant to Practice Book § 10-59; (3) in effect, Fairfield Merrittview SPE, LLC, was a successor legal entity with the same beneficial owners as Fairfield Merrittview Limited Partnership and "with the identical legal interest and standing to pursue the appeal"; and (4) the defendant "should not be able to profit on appeal by its delay in raising the [standing] issue until its posttrial brief," thereby depriving the plaintiffs of the opportunity "to address the issue of subject matter jurisdiction with additional evidence of standing." We are not persuaded.

At the trial, Jeffrey Newman, the executive vice president of Malkin Properties, which was the company that managed the subject office complex, testified that he "believed" that the limited partnership and the limited liability company experienced a change in "corporate structure" and that they "essentially" had the same beneficial owners. Michel, the plaintiffs' appraiser, testified that he "believed" Fairfield Merrittview SPE, LLC, was "the same entity" as Fairfield Merrittview Limited Partnership, but with "just a different name." The fact remains, however, that a limited partnership and a limited liability company[5] are separate and distinct legal entities. They are formed under different statutory provisions. See, e.g., General Statutes §§ 34-9 et seq. and 34-100 et seq. There was no testimony or documentary evidence to establish that the limited partnership and

the limited liability company in this case were the same entity or that the limited liability company was a successor entity of the limited partnership. For example, there was no evidence submitted that a change of name certificate had been recorded in the land records. See General Statutes § 47-12. There was no evidence that the limited partnership converted to the limited liability company pursuant to General Statutes § 34-199.[6] Simply put, nothing was presented to the court during the trial that could lead to the conclusion that these two separate entities had merged or were in fact one legal entity.[7]

The plaintiffs argue that the defendant did not timely raise the issue of standing, thereby depriving them of the opportunity to present additional evidence to the court on that issue. As previously discussed, the issue of standing implicates the court's subject matter jurisdiction and may be raised at any stage of the proceedings. See *O'Reilly* v. *Valletta*, supra, 139 Conn. App. 213. "When the issue involves either the trial court's or this court's jurisdiction . . . we have no alternative but to address the issue." *Ardmare Construction Co.* v. *Freedman*, 191 Conn. 497, 498 n.4, 467 A.2d 674 (1983).

Furthermore, the plaintiffs *were* provided with an opportunity to respond to the defendant's claim that they lacked standing to maintain the tax appeal. In its posttrial brief, the defendant set forth its position that the court lacked subject matter jurisdiction over the appeal because Fairfield Merrittview Limited Partnership did not own the property on October 1, 2008, and, therefore, was not a party in interest with the right to challenge the assessment before the board or to appeal to the Superior Court from the board's decision. At that point, the plaintiffs could have requested the opportunity to file a reply brief. The trial court expressly stated that it would not preclude the parties from filing reply briefs if they believed that it was necessary to do so. The plaintiffs did not move for permission to file a reply brief nor did they move to open the evidence to present additional proof as to their aggrievement.

Accordingly, on the basis of the evidence that was presented at trial, the court should have concluded that Fairfield Merrittview Limited Partnership and Fairfield Merrittview SPE, LLC, were two separate and distinct legal entities. The appeal to the board from the assessor's valuation and the municipal tax appeal to the Superior Court from the board's decision both were brought by Fairfield Merrittview Limited Partnership, an entity that was not the record owner of the assessed property. "[P]laintiffs are not fungible, even if they are represented by the same attorney and have similar interests." (Internal quotation marks omitted.) *Megin* v. *New Milford*, supra, 125 Conn. App. 40. Because the plaintiffs failed to demonstrate their requisite aggrievement under § 12-117a, the court should have dismissed the plaintiffs' appeal.

The judgment is reversed and the case is remanded with direction to dismiss the plaintiffs' appeal for lack of subject matter jurisdiction.

In this opinion the other judges concurred.

[1] In addition to the city of Norwalk, the plaintiff, Fairfield Merrittview Limited Partnership, summoned the city's board of assessment appeals and the city's tax assessor, Michael J. Stewart, to appear before the Superior Court. Throughout the proceedings, the parties and the court have referred to the city of Norwalk as the defendant. For convenience, we therefore refer to the city of Norwalk as the defendant in this opinion.

[2] The initial appeal was filed in the Superior Court by Fairfield Merrittview Limited Partnership, on July 1, 2009, with a return date of July 21, 2009. On August 7, 2009, Fairfield Merrittview Limited Partnership filed a motion for permission to amend its appeal and application to add Fairfield Merrittview SPE, LLC, as an additional party plaintiff. A copy of the proposed amended appeal and application was annexed to the motion. The defendant did not file an objection to the motion, and the court, *Hon. A. William Mottolese*, judge trial referee, granted the motion on February 16, 2010.

[3] Because we conclude that the plaintiffs lacked standing to appeal the tax valuation to the Superior Court, we do not address the defendant's second claim pertaining to the court's calculation of the fair market value of the subject property.

[4] General Statutes § 12-117a provides in relevant part: "Any person . . . claiming to be aggrieved by the action of . . . the board of assessment appeals . . . in any town or city may, within two months from the date of the mailing of notice of such action, make application, in the nature of an appeal therefrom, with respect to the assessment list for the assessment year commencing October 1, 1989, October 1, 1990, October 1, 1991, October 1, 1992, October 1, 1993, October 1, 1994, or October 1, 1995, and with respect to the assessment list for assessment years thereafter, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court. . . ."

[5] "[Limited liability companies] are hybrid entities that combine desirable characteristics of corporations, limited partnerships, and general partnerships." (Internal quotation marks omitted.) *Weber* v. *U.S. Sterling Securities, Inc.*, 282 Conn. 722, 729, 924 A.2d 816 (2007).

[6] That statute was repealed effective January 1, 2014. Mergers are now authorized by General Statutes § 34-611.

[7] The plaintiffs did not allege that the limited partnership and the limited liability company were the same legal entity. To the contrary, the motion to amend the appeal stated that the limited liability company needed to be added as an *additional* plaintiff. The amended appeal alleged that both entities owned the subject property. Further, at the time of trial, the continued existence of the limited partnership was evidenced by its financial statement for the year ending December 31, 2008, which was admitted as an exhibit.

We also note that the property was conveyed by the limited partnership to the limited liability company by deed. If, as now argued by the plaintiffs, the limited partnership was converted into a limited liability company and remained a single entity, there would have been no need for a transfer by deed. "The term 'conveyance' is defined in Black's Law Dictionary as the 'transfer of title to land from *one person*, or class of persons, *to another* by deed.' . . . The term 'deed' is defined as '[a] written instrument, signed, and delivered, by which *one person* conveys land . . . *to another*.' . . . It is clear from these definitions that there is no conveyance, and therefore no need for a deed, unless there are two separate and distinct entities involved in the property transfer." (Citations omitted; emphasis in original.) *Cavanaugh* v. *Newtown Bridle Lands Assn., Inc.*, 261 Conn. 464, 471, 803 A.2d 305 (2002).