******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

FAIRFIELD MERRITTVIEW LIMITED PARTNERSHIP
*v.* CITY OF NORWALK ET AL.
(SC 19373)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and Robinson, Js.

*Argued September 17, 2015—officially released March 1, 2016*

*James R. Fogarty*, for the appellants (plaintiff et al.).

*Daniel J. Krisch*, with whom were *Mario F. Coppola*, corporation counsel, and *Carolyn M. Colangelo*, assis-

tant corporation counsel, for the appellees (defendants).

*Opinion*

ROGERS, C. J. This case concerns the standing requirements for maintaining a municipal property tax appeal. The plaintiffs, Fairfield Merrittview Limited Partnership (partnership) and Fairfield Merrittview SPE, LLC (LLC),[1] appeal from the judgment of the Appellate Court reversing the trial court's judgment that had sustained their property tax appeal and reduced the valuation of the LLC's property, for assessment purposes, by approximately $15 million. The Appellate Court reversed the judgment and remanded the case to the trial court with direction to dismiss the plaintiffs' appeal after agreeing with the defendant city of Norwalk (city)[2] that the plaintiffs' appeal was void ab initio, due to the trial court's lack of subject matter jurisdiction, because the owner of the property at issue had not appeared in subsidiary administrative proceedings before the Board of Assessment Appeals of the City of Norwalk (board) and did not initiate the appeal to the court.[3] *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, 149 Conn. App. 468, 477–78, 89 A.3d 417 (2014). The plaintiffs claim that the Appellate Court improperly reversed the trial court's judgment because the tax appeal to the trial court, although initially brought by a nonaggrieved party, the partnership, also was maintained by the LLC, which was an aggrieved party that properly had been added to the trial court proceedings by way of a promptly filed amended complaint. We agree with the plaintiffs and, accordingly, reverse the judgment of the Appellate Court.

The following facts and procedural history, which the parties do not dispute, are relevant to the appeal. The partnership and the LLC are related entities with common owners. The partnership acquired the property at issue, a commercial office complex, in 1994. It then transferred ownership of the property to the LLC in 2007. A deed evidencing this transfer was timely filed in the city's land records. On October 1, 2008, as part of a periodic city wide revaluation,[4] the city's tax assessor; see footnote 1 of this opinion; set the fair market value of the property at $49,036,800. The assessor's field card inaccurately identifies the partnership as the owner of the property. The LLC challenged this assessment before the board pursuant to General Statutes § 12-111,[5] but the board declined to reduce it. The board mailed a notice of no change, again inaccurately addressed to the partnership, to an attorney who was an authorized agent for both entities.

On July 1, 2009, the partnership filed an appeal from the board's action to the Superior Court pursuant to General Statutes § 12-117a.[6] Therein, the partnership alleged that it was the owner of the property at issue on October 1, 2008, was aggrieved by the assessor's action and had appeared, unsuccessfully, before the board. Approximately one month later, on August 7,

2009, the partnership and the LLC filed an "Amended Appeal and Application" (amended appeal) with the trial court, naming both entities as plaintiffs and alleging that they both had owned the property on October 1, 2008. The amended appeal was unclear regarding which entity had appeared before the board.[7]

The plaintiffs' amended appeal was accompanied by a motion for permission to amend. The defendants did not object to that motion, and the trial court, *Hon. A. William Mottolese*, judge trial referee, ultimately granted it by summary order dated February 16, 2010. Thereafter, the defendants did not file a motion to dismiss contesting jurisdiction, but rather, filed an amended answer that left the plaintiffs to their proof on their allegations regarding which entity or entities had owned the property on October 1, 2008, and which entity or entities had appealed to the board.

A brief trial was held in December, 2011. During the trial, the plaintiffs submitted two deeds into evidence, thereby establishing the partnership's acquisition of the property in 1994 and its transfer of the property to the LLC in 2007. After the trial concluded, the parties submitted simultaneous posttrial briefs. In their brief, the defendants cited to the deeds in evidence and argued for the first time that the trial court lacked subject matter jurisdiction because the partnership, the party that had initiated the appeal to the court, did not own the property at the time of its assessment and, therefore, was not aggrieved and lacked standing to appeal pursuant to § 12-117a. The defendants acknowledged that the LLC owned the property on October 1, 2008, and that the appeal to the court had been amended to add the LLC as a plaintiff. They did not argue that the LLC lacked standing to bring a § 12-117a appeal, that the addition of the LLC as a party was in any way defective or that the trial court improperly had permitted the amendment of the complaint.[8]

In an August 6, 2012 memorandum of decision, the trial court, *Hon. Aaron W. Aronson*, judge trial referee, prior to sustaining the plaintiffs' appeal and reducing the defendants' valuation of the subject property from $49,036,800 to $34,059,753, rejected the defendants' jurisdictional claim. The court referenced the 2007 deed conveying the property from the partnership to the LLC and reasoned that, "[a]s of October 1, 2008, at least one of the two plaintiffs named in the amended [appeal] was the record owner of the [property], which is sufficient to provide standing to maintain this appeal." The defendants' appeal to the Appellate Court followed.

In their brief to the Appellate Court, the defendants again contested the trial court's jurisdiction to hear the plaintiffs' appeal, but expanded upon their original argument. In addition to arguing that the partnership, as a former owner, was not aggrieved by the city's assessment of the property and could not bring an

appeal to the court pursuant to § 12-117a, the defendants contended further that the LLC, the actual owner of the property, had not appeared before the board and that this omission was fatal to establishing jurisdiction. *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, Conn. Appellate Court Records & Briefs, February Term, 2014, Defendants' Brief, pp. 13–14, 16. Citing to the plaintiffs' original and amended appeals, the defendants claimed that it was the partnership, instead, that had appeared before that body. Id., pp. 13, 15. The defendants also stated that the LLC had been added as a party "long after" the period in which to bring an appeal to the trial court had expired, but did not elaborate or point to any evidence in support of this claim.[9] Id., p. 15. Again, in the Appellate Court, the defendants did not argue that the trial court improperly had permitted the amendment of the complaint to add the LLC as a party plaintiff.

In response, the plaintiffs argued that the amendment of the court appeal to add the LLC as a party was filed within thirty days of the return date and, therefore, was an amendment as of right that related back to the filing of the initial appeal; see General Statutes § 52-128; Practice Book § 10-59; or, effectively, was the discretionary addition of an interested party having standing to pursue the appeal. *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, Conn. Appellate Court Records & Briefs, supra, Plaintiffs' Brief pp. 10–11. The plaintiffs contended further that the defendants, by waiting until after the trial had concluded to raise the issue of subject matter jurisdiction, had engaged in an unfair ambuscade that had prevented the plaintiffs from responding effectively to that question. Id., pp. 13–16, 21–22. Finally, according to the plaintiffs, the partnership and the LLC essentially were the same entity, having undergone a change of name and structure but retaining the same beneficial owners. Id., pp. 16–17.

The Appellate Court agreed with the defendants that the trial court lacked subject matter jurisdiction over the plaintiffs' appeal. *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, supra, 149 Conn. App. 475. The Appellate Court first rejected the plaintiffs' contention that they were, in fact, the same legal entity, citing a lack of evidence in the record in that regard; id., 476; as well as other circumstances indicating that the two were distinct entities. Id., 476 n.7. It further disagreed that the defendants' jurisdictional challenge was untimely and that the plaintiffs had had an inadequate opportunity in which to respond to it. Id., 477. Finally, the Appellate Court concluded, both the appeal to the board and the appeal to the trial court were brought by the partnership, a party which lacked standing due to its nonownership of the property at issue. Accordingly, the Appellate Court reasoned, the appeal was void, ab initio, and should have been dismissed by the trial court.[10] Id. The Appellate Court did not address

the plaintiffs' contention that they properly had amended their complaint to include the LLC as a plaintiff, apparently concluding that the alleged absence of the LLC in the proceedings before the board was a fatal jurisdictional defect.[11]

Subsequent to the issuance of the Appellate Court's decision, the plaintiffs filed a motion for reconsideration en banc, wherein they claimed that the court's decision was based on a material factual error, namely, that the partnership, and not the LLC, was the party that had filed the appeal to the board. The plaintiffs also reiterated their claim that the appeal to the trial court properly had been amended to include the LLC as a party plaintiff.[12] They contended further that the defendants had made a different jurisdictional argument in the Appellate Court than the one they had made to the trial court, and incorrectly had represented to the Appellate Court that the partnership was the party that had appealed to the board.[13] The Appellate Court denied the plaintiffs' motion for reconsideration. This appeal by the plaintiffs followed.

The plaintiffs claim that the Appellate Court improperly reversed the trial court's judgment, for want of subject matter jurisdiction, because the LLC, the undisputed owner of the property at issue on the date of revaluation, was aggrieved and possessed standing to appeal, regardless of whether it had appeared in the proceedings before the board. Accordingly, they claim, proof of that appearance was unnecessary to establish jurisdiction. The plaintiffs point to the plain language and historical antecedents of § 12-117a, and cases applying that provision, in support of this claim. The plaintiffs contend further that their amended appeal, naming the LLC as a party plaintiff, was filed promptly after the original complaint, as a matter of right, pursuant to § 52-128, that the defendants never have objected to the amendment, and that case law governing the addition and substitution of party plaintiffs in tax appeals further supports the addition of the LLC to the proceedings here.[14]

The defendants, in response, have refined further their argument that the trial court lacked subject matter jurisdiction. They again contend, as they did before the Appellate Court, that the partnership, the party that had initiated the appeal to the trial court, lacked standing to appeal because it did not own the subject property at the time of its assessment. The defendants claim further that, because the initial appeal was void for lack of jurisdiction, that appeal was "a legal nullity" that could not be amended properly to include the LLC as a party plaintiff. According to the defendants, the plaintiffs' only option was to withdraw the initial appeal, then to bring a new appeal in the name of the LLC, but even that option was unavailable by the time of the amended appeal because the statutory period in which

to bring a § 12-117a appeal had expired.[15] The plaintiffs reply that the amendment of their complaint to add the LLC constituted a proper substitution of a party pursuant to General Statutes § 52-109 and Practice Book § 9-20, which related back to the filing of the original complaint, thereby rendering the timing of the amendment immaterial.

We conclude that the Appellate Court improperly held that the trial court lacked subject matter jurisdiction over the plaintiffs' appeal on the basis that the LLC, the undisputed owner of the property on the date it was assessed, had not appeared in the proceedings before the board. We conclude further that the prompt amendment of the complaint to add the LLC as a party plaintiff was effective to confer jurisdiction on the trial court, regardless of whether the action initially was instituted by an improper party, the partnership. Although captioned as an amendment, the plaintiffs' filing effectively was the addition or substitution of the correct plaintiff, to which the defendants did not object, and which the trial court in its discretion properly permitted.

We begin with the standard of review and general governing principles. "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue . . . ." (Internal quotation marks omitted.) *Cambodian Buddhist Society of Connecticut, Inc.* v. *Planning & Zoning Commission*, 285 Conn. 381, 393, 941 A.2d 868 (2008). As a general matter, "one party has no standing to raise another's rights." *Sadloski* v. *Manchester*, 235 Conn. 637, 643, 668 A.2d 1314 (1995).

"If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause. . . . A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *New London*, 282 Conn. 791, 802, 925 A.2d 292 (2007).

"[A] court lacks discretion to consider the merits of a case over which it is without jurisdiction. . . . The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention. . . . The requirement of subject

matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings. . . .

"Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." (Internal quotation marks omitted.) Id., 802–803.

"Two broad yet distinct categories of aggrievement exist, classical and statutory"; (internal quotation marks omitted) *Pond View*, *LLC* v. *Planning & Zoning Commission*, 288 Conn. 143, 156, 953 A.2d 1 (2008); the latter of which is implicated in the present case. "[I]n cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation." (Internal quotation marks omitted.) Id.

The plaintiffs claim that § 12-117a conferred standing on the LLC to pursue an appeal of the board's decision to the court, regardless of whether they proved that the LLC had appeared before the board. We agree. Section 12-117a provides[16] in relevant part that "[*a*]*ny person*, including any lessee of real property whose lease has been recorded as provided under section 47-19 and who is bound under the terms of his lease to pay real property taxes, *claiming to be aggrieved by the action of the . . . board of assessment appeals . . . in any town or city may*, within two months from the date of the mailing of notice of such action, *make application, in the nature of an appeal therefrom . . . to the superior court* for the judicial district in which such town or city is situated . . . . The court shall have power to grant such relief as to justice and equity appertains, upon such terms and in such manner and form as appear equitable . . . . *If the assessment made by the . . . board of assessment appeals . . . is reduced by said court, the applicant shall be reimbursed by the town or city for any overpayment of taxes . . . .* The amount to which the assessment is so reduced shall be the assessed value of such property on the grand lists for succeeding years until the tax assessor finds that the value of *the applicant's property* has increased or decreased." (Emphasis added.) General Statutes § 12-117a.

Given the plain language of the statute, we agree with the plaintiffs that the LLC[17] was aggrieved by the board's refusal to reduce the claimed overassessment of the subject property and, therefore, that the jurisdictional requirements of § 12-117a were satisfied. Specifically, as proven by the 2007 deed in evidence, the LLC was the owner of the property on the date of its assessment, and it remained so thereafter. Moreover, as owner of

the property, it legally was responsible for the payment of any taxes levied on the basis of that assessment. As reflected in the clear wording of the statute, and as this court repeatedly has explained, § 12-117a "allows *taxpayers* to appeal the decisions of municipal boards of [assessment appeals] to the Superior Court, [and] provide[s] a method by which *an owner of property* may directly call in question the valuation placed by assessors upon *his property*." (Emphasis added.) *Breezy Knoll Assn., Inc.* v. *Morris*, 286 Conn. 766, 775, 946 A.2d 215 (2008); *Konover* v. *West Hartford*, 242 Conn. 727, 734, 699 A.2d 158 (1997). In short, as a property owner and taxpayer, the LLC is precisely the type of party at which the statute is directed, and it unquestionably possessed standing to appeal to the Superior Court to challenge the board's action.

By requiring the plaintiffs also to have proven that the LLC was the party who previously had appeared before the board, the Appellate Court read into § 12-117a a requirement that simply does not appear in that provision, which extends the right to appeal to "[a]ny person" claiming to be aggrieved by the board's action and indicates otherwise that such aggrievement is established through ownership of the property or, at least in some cases, responsibility to pay taxes on property despite a lack of ownership. Notably, the Appellate Court did not cite to any authority in support of such a requirement, nor did it engage in an analysis of the statutory language directed at this question. Although we expect that, in the normal course of events, a party that brings an appeal to the trial court pursuant to § 12-117a first will have appeared in the proceedings before a board of tax review or assessment appeals that are a prerequisite to a court appeal, we are unable to conclude that that appearance, in all cases, is required.[18] Accordingly, the Appellate Court's holding to the contrary, and its order that the plaintiffs' appeal be dismissed on this basis, were improper.

Because the Appellate Court concluded that the LLC's purported absence from the proceedings before the board was fatal to the appeal before the trial court, it did not reach the question of whether the prompt amendment of the complaint to add the LLC as a party plaintiff was sufficient to confer standing on the trial court, despite the fact that the appeal initially was filed by the partnership, a party that, indisputably, did not have standing to appeal pursuant to § 12-117a. We conclude that it was sufficient.

Subsequent to the board's direction of correspondence relating to the assessment at issue to the partnership, despite the recordation in the city's land records of a deed evidencing the property's transfer to the LLC, the plaintiffs' counsel initially filed this appeal in the name of the partnership. Only one month later, however, counsel filed an amended appeal also naming the

LLC as a plaintiff.[19] The defendants did not object to this amendment, and the trial court allowed it. In fact, the defendants did not contest the court's jurisdiction until almost three years later in a posttrial brief. Even then, the defendants' challenge focused on the partnership's lack of standing, and not on any procedural irregularity concerning the LLC.

Although a plaintiff's lack of standing is a jurisdictional defect; *Fort Trumbull Conservancy, LLC* v. *New London*, supra, 282 Conn. 802; it is a type of jurisdictional defect that our legislature, through the enactment of § 52-109, has deemed amenable to correction and, therefore, not irremediably fatal to an action. That statute provides: "When any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff." General Statutes § 52-109.

This court has explained that § 52-109 "allow[s] a substituted plaintiff to enter a case [w]hen any action has been commenced in the name of the wrong person as [the] plaintiff," and that such a substitution will "relate back to and correct, retroactively, any defect in a prior pleading concerning the identity of the real party in interest." (Internal quotation marks omitted.) *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, 297 Conn. 105, 150, 998 A.2d 730 (2010). Thus, a "substitution of a real party in interest as the plaintiff cures the lack of standing of the original plaintiff"; *Kortner* v. *Martise*, 312 Conn. 1, 13, 91 A.3d 412 (2014); and, further, is permissible even "after the statute of limitations has run."[20] (Internal quotation marks omitted.) Id., 13–14. An addition or substitution is discretionary, but generally should be allowed when, due to an error, misunderstanding or misconception, an action was commenced in the name of the wrong party, instead of the real party in interest, whose presence is required for a determination of the matter in dispute.[21] General Statutes § 52-109.

Although the plaintiffs here captioned the motion that accompanied their amended complaint as a request for permission to amend, it clearly was, in its substance, a motion to add or substitute a party plaintiff.[22] See *Santorso* v. *Bristol Hospital*, 308 Conn. 338, 351–52, 63 A.3d 940 (2013) (court may look "beyond the label of a motion to reclassify it when its substance [does] not reflect the label applied by the moving party"); *In re Haley B.*, 262 Conn. 406, 412–13, 815 A.2d 113 (2003) ("we must look to the substance of the relief sought by the motion rather than the form"); see also *In re Santiago G.*, 154 Conn. App. 835, 850, 108 A.3d 1184 ("[t]o hold [a litigant] strictly to the label on his filing would exalt form over substance"), aff'd, 318 Conn.

449, 121 A.3d 708 (2015). Moreover, under the undisputed facts and circumstances of the present case, there is no question that the foregoing requirements for an addition or substitution were met. Because the LLC was the sole owner of the property at issue at the relevant time, its addition as a party plaintiff undeniably was necessary for a determination of the matter in dispute, and the naming of the partnership, instead of the LLC, was due to an error, misunderstanding or misconception. The plaintiffs' counsel quickly took action to add the LLC as a party to the proceedings. The defendants have not identified any prejudice that they suffered from the action having been initiated and briefly maintained in the name of the wrong party, and we are unable to conceive of any. In sum, the trial court properly allowed the amendment to add the LLC, which cured any jurisdictional defect in the original complaint.[23]

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings to consider the defendants' remaining claims.

In this opinion PALMER, ZARELLA, EVELEIGH and ESPINOSA, Js., concurred.

[1] The partnership initially filed the appeal and subsequently amended its complaint and added the LLC as a party plaintiff. Joint references to the partnership and the LLC are to the plaintiffs.

[2] The plaintiffs also named as defendants the Board of Assessment Appeals of the City of Norwalk (board) and the city's tax assessor, Michael J. Stewart (assessor). We refer hereinafter to these parties individually by name and jointly, with the city, as the defendants.

[3] We granted the plaintiffs' request for certification to appeal, limited to the following question: "Did the Appellate Court properly conclude that the plaintiffs lacked standing to appeal from the tax valuation of the subject property to the Superior Court pursuant to General Statutes § 12-117a?" *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, 314 Conn. 901, 902, 99 A.3d 1167 (2014).

[4] See General Statutes § 12-62.

[5] General Statutes § 12-111 (a) provides in relevant part: "Any person . . . claiming to be aggrieved by the doings of the assessors of [a] town may appeal therefrom to the board of assessment appeals. . . . Such board . . . may increase or decrease the assessment of any taxable property or interest therein . . . . When the board increases or decreases the gross assessment of any taxable real property or interest therein, the amount of such gross assessment shall be fixed until the assessment year in which the municipality next implements a revaluation of all real property pursuant to section 12-62 . . . ."

[6] General Statutes § 12-117a provides in relevant part: "Any person . . . claiming to be aggrieved by the action of . . . the board of assessment appeals . . . in any town or city may, within two months from the date of the mailing of notice of such action, make application, in the nature of an appeal therefrom . . . to the superior court for the judicial district in which such town or city is situated . . . . The court shall have power to grant such relief as to justice and equity appertains, upon such terms and in such manner and form as appear equitable . . . . If the assessment made by the . . . board of assessment appeals . . . is reduced by said court, the applicant shall be reimbursed by the town or city for any overpayment of taxes . . . . The amount to which the assessment is so reduced shall be the assessed value of such property on the grand lists for succeeding years until the tax assessor finds that the value of the applicant's property has increased or decreased."

[7] Specifically, the paragraph of the amended appeal describing the appeal to the board was unaltered from its original version, which provided only that "[t]he applicant . . . [had] appealed to the [board] . . . ."

[8] The defendants also argued that the plaintiffs had failed to prove that

the property had been overassessed.

[9] The defendants also argued that the trial court's valuation of the subject property was clearly erroneous. *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, Conn. Appellate Court Records & Briefs, supra, Defendants' Brief pp. 16–19.

[10] Because the Appellate Court concluded that the trial court lacked subject matter jurisdiction over the appeal, it did not reach the additional claim, made by the defendants, that the trial court improperly had reduced the valuation of the subject property. *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, supra, 149 Conn. App. 470 n.3.

[11] Notably, there was no evidence in the record before either the trial court or the Appellate Court regarding which party, or parties, had brought the appeal to the board and, as previously explained, the pleadings were inconclusive on this point. Apparently, the Appellate Court accepted, without verification, the multiple representations made by the defendants in their brief that the partnership, and not the LLC, had appeared before the board. The plaintiffs, for their part, did not refute those representations, but also did not expressly concede that they were true. Although we conclude, hereinafter, that the Appellate Court reached an improper legal conclusion when it determined that the LLC's purported absence before the board was a fatal jurisdictional defect, we also emphasize that that court should have rejected the defendants' claim in this regard due to the lack of an adequate record. In short, we agree with the contention of the plaintiffs, set forth in their brief, that the Appellate Court improperly found, without any evidentiary basis in the record, that the partnership was the entity that had appealed to the board, then ascribed to that finding dispositive significance. As we explain in footnote 13 of this opinion, the Appellate Court's assumption as to which party had appealed to the board ultimately was shown to be incorrect.

[12] In addition to citing General Statutes § 52-128 and Practice Book § 10-59, governing the amendment of complaints as of right, the plaintiffs cited statutory and Practice Book provisions governing the addition or substitution of parties; see General Statutes §§ 52-108 and 52-109; Practice Book §§ 9-19 and 9-20; as well as cases applying them.

[13] To refute that representation, the plaintiffs attached two documents to their motion for reconsideration that were not part of the trial record: (1) a copy of the application to appeal to the board, which indicated that the applicant and property owner was the LLC, and (2) a copy of the board's decision on the appeal, indicating that the assessment would not be changed, which improperly was addressed to the partnership.

The defendants opposed the motion for reconsideration, arguing that the documents upon which the motion was predicated contradicted the allegations of the plaintiffs' appeal to the court, were not introduced at trial, and were not newly discovered or unavailable at trial. In addition to its opposition to the motion for reconsideration, the defendants also filed a motion to strike the documents appended to that motion, again arguing that those documents were not part of the trial record. The Appellate Court denied the defendants' motion to strike.

[14] Contrary to the assertion of the dissenting justices that the plaintiffs raised the latter argument for the first time in their reply brief, the plaintiffs argued the applicability of jurisprudence governing additions and substitutions of party plaintiffs pursuant to General Statutes § 52-109 in both their main brief and their reply brief.

[15] In support of this contention, the defendants apparently rely on the decision date included on the notice of no change that the plaintiffs submitted to the Appellate Court, for the first time, as an attachment to their motion for reconsideration, a document that the defendants previously argued should be stricken from the record. See footnote 13 of this opinion. The defendants simultaneously argue that, to the extent the plaintiffs are relying on the same nonrecord evidence to prove their standing, such reliance is improper. Appellate tribunals typically do not rely on evidence that was not part of the trial record in deciding the issues before them. In any event, for the reasons that follow, we need not consider the materials submitted by the plaintiffs to the Appellate Court along with their motion for reconsideration.

[16] "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be

considered." General Statutes § 1-2z.

[17] The parties agree that the partnership lacked standing and was an improper party to bring an appeal from the board.

[18] By requiring an appealing party to show that it has been aggrieved by the decision of a board of tax review or board of assessment appeals, § 12-117a necessarily requires that a hearing, sought by an aggrieved party; see General Statutes § 12-110; already has occurred before one of those boards. Compare General Statutes § 12-119 (permitting direct court action for wrongfully laid taxes). Moreover, any appeal from a board of tax review or board of assessment appeals must be taken shortly after that board's decision has been rendered. See General Statutes § 12-117a. Consequently, in the typical case, the same aggrieved property owner or taxpayer will appear before both the board and the trial court. As we have explained, however, § 12-117a requires only that the party seeking relief be "aggrieved by the action of the board," and not that it had appeared before that body. Consistent with this proposition is a Superior Court case holding that a party who acquired property subsequent to a decision by the board of tax review or board of assessment appeals concerning that property, but prior to the expiration of the statutory appeal period, is a proper party to contest the board's decision pursuant to § 12-117a. See *SG Stamford, LLC* v. *Stamford*, Superior Court, judicial district of Stamford-Norwalk, Docket No. FST CV-08-4014088-S (September 22, 2009).

[19] In view of this promptly filed pleading, we disagree with the dissent's contention that the plaintiffs took no action, either during or after trial, to remedy the jurisdictional defect of the action having been commenced in the name of the wrong party.

[20] "[T]he substituted party is let in to carry on a pending suit, and is not regarded as commencing a new one. After he is substituted he is . . . treated and regarded for most purposes just as if he had commenced the suit originally. The writ, the complaint, the service of process, attachment made, bonds given, the entry of the case in court, the pleadings if need be, in short all things done in the case by or in favor of the original plaintiff . . . remain for the benefit of the plaintiff who succeeds him, as if done by and for him originally and just as if no change of parties had been made. So far as the defendant is concerned, the same suit upon the same cause of action, under the same complaint and pleadings substantially in most cases, goes forward to its final and legitimate conclusion as if no change had been made." (Internal quotation marks omitted.) *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, supra, 297 Conn. 152. "[T]he defendant rarely, if ever, will be prejudiced [by a § 52-109 substitution], as long as he was fully apprised of the claims against him and was prepared to defend against them." Id., 158.

[21] In *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, supra, 297 Conn. 151, we stated, in dicta, that "[u]nder § 52-109, substitution is permitted only when the trial court determines that the action was commenced in the name of the wrong plaintiff 'through mistake,' which properly has been interpreted to mean 'an honest conviction, entertained in good faith and not resulting from the plaintiff's own negligence that she is the proper person to commence the [action].' " As authority for that proposition, which finds no support in the language of the statute or our jurisprudence preceding *DiLieto*, we cited a Superior Court decision that in fact rejected the recited definition of mistake as too limiting and, practically, too difficult to apply, especially given the ameliorative purpose of § 52-109. See *Wilson* v. *Zemba*, 49 Conn. Supp. 542, 549–50, 896 A.2d 862 (2004). Upon further reflection, we agree, and hold that the term "mistake," as used in § 52-109, should be construed in its ordinary sense, rather than as connoting an absence of negligence. As explained by the Appellate Court, which nonetheless concluded that it was bound to apply the definition of mistake that we articulated in *DiLieto*, the ordinary understanding of that term is "more expansive and, thus, seems more congruent with the remedial purpose of § 52-109." *Youngman* v. *Schiavone*, 157 Conn. App. 55, 66 n.8, 115 A.3d 516 (2015). Specifically, "Black's Law Dictionary (9th Ed. 2009) defines mistake, in relevant part, as: 'An error, misconception, or misunderstanding; an erroneous belief.' Merriam-Webster's Collegiate Dictionary (10th Ed. 1993) defines mistake as: '1: [A] misunderstanding of the meaning or implication of something. 2: [A] wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention . . . .' The American Heritage Dictionary (2d College Ed. 1985) defines mistake, in relevant part, as: '1. An error or fault. 2. A misconception or misunderstanding.' " *Youngman* v. *Schiavone*, supra, 66–67 n.8.

[22] As this court often has explained, pleadings should be construed broadly and realistically, not narrowly and technically. *Byrne* v. *Avery Center for Obstetrics & Gynecology, P.C.*, 314 Conn. 433, 462, 102 A.3d 32 (2014). Moreover, the numerous remedial provisions in our General Statutes reflect the legislative intent that cases should, whenever possible, be heard on their merits rather than dismissed for procedural irregularities. *New England Road, Inc.* v. *Planning & Zoning Commission*, 308 Conn. 180, 188–89, 61 A.3d 505 (2013). Our construction of the plaintiffs' motion is consistent with these principles.

[23] In the dissent's view, it is clear that no substitution of parties occurred because, following the granting of the plaintiffs' motion, the partnership remained a party in the case. General Statutes § 52-109 and Practice Book § 9-20 explicitly permit, however, both substitutions and additions of proper party plaintiffs. Here, it is clear that the trial court properly allowed the addition of the LLC, regardless of whether the partnership also remained in the case.